**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DARLENE ESPOSITO,                          )
                                           )
                        Plaintiff,         )
                                           )
            v.                             )        Civil Action No. 23-245
                                           )
GOOGLE LLC, PINTO,                         )
                                           )
                        Defendant.         )

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is *pro se* Plaintiff Darlene Esposito's Motion to Proceed In Forma Pauperis filed on February 15, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion.  (Docket No. 1-1).  After reviewing Plaintiff's IFP Motion, the Court finds that she is without sufficient funds to pay the required filing fee.  Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019).  In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint is difficult to decipher. She lists Google LLC, Pinto as the Defendant. As the Court understands Plaintiff's Complaint, she claims that Google is somehow "suppress[ing] and with[holding] information in violation of rules of disclosure" and seeks review by this Court pursuant to 5 U.S.C. § 552(a). (*See* Docket No. 1-1 at 1, 4). Plaintiff is referring to the Freedom of Information Act ("FOIA"), which Congress enacted "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). To be clear, the FOIA "creates a private cause of action for the benefit of persons who have requested certain records from *a public agency* and whose request has been denied."

*United States v. Richardson*, 418 U.S. 166, 204 (1974) (citing 5 U.S.C. § 552(a)(3)) (Stewart, J. dissenting) (emphasis added).  *See also Prosser v. Shappert*, Case No. 3:21-cv-0026, 2022 WL 11115255, at *5 (D.V.I. Oct. 19, 2022) (explaining that the FOIA and the regulations promulgated thereunder "outline the procedure for obtaining documents from a ***federal agency***") (emphasis added); *N'Jai v. Floyd*, Civ. No. 07-1506, 2008 WL 11411480, at *3 (W.D. Pa. Mar. 5, 2008) (noting that the FOIA ***"only applies to federal agencies"***) (emphasis added).  Given that Google is a private company and not a federal agency, Plaintiff's Complaint fails to state a FOIA claim against Google.

Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that her Complaint does not come close to complying with this requirement.  As noted, Plaintiff's Complaint fails to state a FOIA claim against Google as a private company, and the Complaint otherwise contains no allegations which state a cognizable claim against Google.

In sum, as currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that she is able to state a plausible claim for relief.  *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous [or] malicious . . .") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the

complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [the plaintiff] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of February, 2023, IT IS HEREBY ORDERED  as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that she is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, she must do so by March 3, 2023.  If Plaintiff fails to file an Amended Complaint by March 3, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:        Darlene Esposito (via U.S. mail)
P.O. Box 1808
Newark, NJ  07101