# UNITED STATES DISTRICT COURT

## For The

## Western District of Pennsylvania

| | |
|---|---|
| Darlene Esposito )<br>  Petitioner )<br>Vs. )<br> )<br> )<br>Google LLC, Pinto, Amazon. Exrel. Etal. )<br>  Defendant, )<br> )<br>Capital One Settlement Administrator, )<br>Amazon. )<br>  Third Party Adversary. | 2:23-cv-245<br><br>Civil Action No. ___23-245___<br><br>Motion Under R. 62 Stay, local R. 5.1 Amend<br>Motion Under R. 59 Amend, R. 5.1 Constitutional<br>Question, Motion local R. 7.1.1 Third Party |

This application is to amend the petition to the Federal District Court from the determination filed on 2/17/2023 Docket no. 23-245 the Movant request review by way of this motion to Stay the Order and to amend the interlocutory petition together with Capital One Settlement Administrator located in PORTLAND, OR who has been made aware of the claim filed by the plaintiff. Google and Pinto operate a browser-based electronic mail, such as Gmail 'The Amended Complaint is aimed at the issues in the settlement that involve the Claim with Capital One Settlement Administrator, P.O. BOX 4518, PORTLAND, OR 97208-4518.

> 1. Email is exchanged across computer networks, primarily the internet, but it can also be exchanged between both public and private networks, such as a local area network. Email can be distributed to lists of people as well as to individuals. A shared distribution list can be managed using an email reflector. Some mailing lists enable users to subscribe by sending a request to the mailing list administrator. A mailing list that's administered automatically is called a list server.

1.

The Plaintiff Motion for an amended petition and to Stay the Order dated on 2/7/2023 for interlocutory petition is based on issues related to the claim and parties that remain in Pennsylvania, New Jersey, Oregon and Virginia.

## Amended Pleadings and Service in Cases After Initial Action

Wherefore based on the foregoing allegations the Movant request that the Court grant this motion. And that upon the filing of the future complaint (New Claims) movant is amending the petition so the Court is aware of the new claim with the adversary's and the parties. The adversaries are proper legal entities eg. Capital One Claims Administrator. Therefore "[M]andatory" party joinder would not preclude a successive action against a person or party not named in the first action, in this situation it is involving both inexcusable conduct and substantial prejudice. The actions taken on the claim form and petitioners selected option 1. on the Capital One Claim form. That based on the forgoing the Movant request the Court [g]rant Motion for Stay and file amended interlocutory complaint in the Pennsylvania District Court on the matter presented as Darlene Esposito vs. Google, Pinto. The issues do not dispose of all issues as to all parties. That there is a liability of third parties with regard to the defect in petitioners claims. It is my belief that Google and Pinto and its methodologies and assumptions employ deceptive trade practices [2] [Revised interstate commerce Act]. Google are fostering documentations and effecting commerce with someone or a group of people from her e-mails. The direct attract by Google records custodian was not to allow the preliminary requests for documentations under the FOIA and PA Acts thereafter to block e-mails to the

---

2.> 1978 PL 95-473 was again revised in 1983 PL 97-449 and 1994 PL 103-272. Dormant Commerce Clause is the prevention of protectionist state policies that favor state citizens or businesses at the expense of non-citizens conducting business within that state. *United States v. Darby*, 312 U.S.100 (1941). Rule 5.1(a) directs that a party promptly serve the notice of constitutional question. The court may extend the 60-[day] period on its own or on motion.

Capital One Administrator herein referred to as the [t]hird Party and proper legal entities. Movant believes that joinder should be permitted and would not prejudice the Capital One Administrator or Google, Pinto and is necessary to secure the rights of a party to refrain from recent bias and discrimination. The interlocutory application - Amended complaint for interlocutory order may be moved to the venue of Corporation Service Company 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833 Exhibit A, or remain in the venue of Pittsburg Pennsylvania citing 28 USC 1332,- Diversity of citizenship, 28 USC section 1391- venue generally, 28 USC section 1404- Transferred to that district, Court Rule 5.1 Interlocutory [2]. Similarly, Plaintiff in this case seeks to refine their claims of statutory and constitutional harms that were sustained form the defendant's behavior described in the complaint. The original complaint filed on or about !2/29/23 alleges that Google and Pinto were deceptive by sending responses by way of Electronic e-mail dated December 29-30, 2022 and the use of confidential information in the processing of Electronic e-mail. The information charges the defendant Google LLC Exrel. Etal or independent contractors in an involvement to suppress and withhold information in violation of rules of disclosure and detention of lawful equity. In plaintiffs amended complaint she seeks to ask the Court to consider discrimination and equal protection claims and a due process claim based on the failure of the defendants pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff Darlene Esposito move for Stay of the order and to amend their complaint. As ground therefore, plaintiff provide as follows:

3. > If you intend to serve Google with legal process after March 12,2020, please serve our registered agent, Corporation Service Company (CSC), If you would like to serve Google with legal process through CSC outside of California, you may be able to find other addresses for CSC by searching for Google LLC on the website of the Secretary of State for other states ("Other Google Notice Addresses").

Related Cases in Other Courts: Judge Anthony J. Trenga of the U.S. District Court for the Eastern District of Virginia is overseeing these lawsuits. (*In re: Capital One Inc. Customer Data Security Breach Litigation*, Case No. MDL No. 1:19md2915 (AJT/JFA) ); Exhibit B.

## Petitioner lawfully resides and work In the United States and therefore qualify for First Amendment protection.

Confidential information developed by the plaintiff involved the investment of significant time, effort and expenses and that the confidential information is in the area of sensitive information further is a valuable special and unique asset of the plaintiff which should not afford the defendant a competitive advantage. Plaintiff personal e-mail account has become corrupt and should not induce disclosure from the contracting agency eg. Pinto. Plaintiff alleges the flawed e-mail address caused her claim with the Capital One Claims Administrator to be reduced. This amended complaint maintains that the E-sign Act, Data Financial information Act, CIPSA Cloud Act and Electronic Communications Privacy Act [ECPA 18 USC 2511 (1)(e)] together with the Uniform Electronic Transactions Act all but two Acts [4.] were passed by the United States Congress and <u>all</u> are the persuasive authority under Court Rule 5.1 for the release of

---

4 a.). The rights of Internet service providers, publishers, and listeners (including many far outside of Pennsylvania) are permanently adjudicated without notice, without opportunity for hearing, and without even a certain judicial determination that the challenged content is illegal in the first place. This law fails to even approach the constitutional minimum requirements for due process, and thus it violates the Fourteenth Amendment of the U.S. Constitution. the laws mentioned above. b.) Because of the extremely broad impact of the ISP Liability Law – blocking Internet access far outside of Pennsylvania and blocking web sites wholly unrelated to the challenged site – the law impinges on the rights of a broad array of actors (many, if not most, located outside of Pennsylvania). A proposed court order that requires an ISP to block a URL directly impacts on the legal rights of a number of different individuals or entities: The Supreme Court held that informal censorship was in violation of the First and Fourteenth Amendments. c.)   CIPSA passed by House but did not pass the Senate; CIPSA Passed the House on April 18, 2013 (288–127) UCITA- Congress endorses this uniform law citing the Uniform Electronic Transfers Act. The act is designed to facilitate and promote commerce and governmental transactions by validating and authorizing the use of electronic records and signatures and to promote uniform electronic transaction laws among the states. It is also designed to be consistent with other applicable law. But was not passed by either the House or the Senate or Congress.

documentation from Google CSC because of their business capacity as internet provider that operate a browser-based electronic mail; and as an named party in this action. The defendants named herein are public agencies that have Federal − State agreements citing the Pennsylvania ISP Liability Law,[4.] Here thus petitioner challenge the public agency methodology because of State laws and the filing of Google corporate accounts. Google, and Pinto adapts agreements under the Uniform Electronic Transactions Act and the E-Sign Act and Google and Pinto are recorded within the Pennsylvania Department of State Division of Commercial Recordings. The Petitioner request that Google relinquish their privileges and supply a waiver of privileges and release and deliver documentations and memorandum to the petitioner. It is more important for Google to relinquish a waiver of privileges and release and deliver documentations. Thereafter petitioner ask the Court to oversee the amended complaint to allow the release of documentation from the defendant as jurisdiction in this Court case as Pittsburg PA or transfer the matter to the Docket Case No. MDL No. 1:19md2915 (AJT/JFA)); And CSC Exhibit A.

## Summary of Allegations Against Google

Google and Pinto have agreed sufficiently to the laws under the E-sign Act, Communications Privacy Act (1986). Google attempted to solicit information in petitioners e-mails and claims settlement with Capital One. A complaint based on the methodologies under ("ISP Liability Law") [I]nternet [S]ervice [P]rovider)[4.] would serve to review the e-mails with Capital One Settlement Administrator that is a legal entity and [n]ot suspected as having dealing or any agreements with Google, Pinto [4.] The Capital One Administrator Google or Pinto may have

5.

a shared distribution list or they act as a list server would be a substantial violation of due process and a State mythology that violate petitioners' civil rights and would give the Federal District Court jurisdiction. The commencement or continuance of an Amended Complaint is fundamental. Petitioner believes she was prejudice to some legal interest, some legal claim, some legal argument by Google, Pinto, and Capital One Claims Administrator, it is illegal for an vendor to intentionally misrepresent an important fact in connection with a government contract. Plaintiff complaint induce parallel proceedings the proceedings are concurrent but separate enforcement of actions have not been joined here thus the Court Order dated 2/27/23 is insufficient with the non-joinder. The petitioner respectfully request that this Court find that none of the parties have made any formal motion challenging the claim. An administrative Stay would allow both this Court and the FDC local to Alexandra Virginia Court to consider a Stay of the orders dated 2/27/23 and allow the exercise of judicial or quasi-judicial furtherance involving the distrain and judgement of both Courts. Here thus plaintiff alleges Google defected e-mail to the Capital One Settlement administrator caused her claim to be sufficiently reduced. The plaintiff charges Google fines and penalties. citing 18 USC § 2511 (g)(5)(b) for violating constitutional principles of due process citing both P.S. Title 65-CH 3A Right to Know Law and the Electronics Communications Privacy Act (1986), which prohibits the interception of electronic communication. It is petitioners legal right to challenge the procedures of the United States and the State of Pennsylvania and Virginia and Google CSC its agencies and its employees.

6.

It is petitioners legal right to challenge the procedures of the United States and the State of Pennsylvania and Virginia and Google CSC its agencies and its employees.

The petitioner has included rule and statute in the abovementioned Amended Complaint that are relevant to the jurisdiction of the Court. The application for Amended Complaint and the issues of the First Amendment to the U.S. Constitution whereby ordinary affect the public interest is drawn in question. The undersigned states that this request is made honorably; as a motion to Stay of Proceedings in Civil Actions, because service of process on one of the defendants local to Pittsburg PA. and for other unusual ancillary grounds.

**Wherefore,** Petitioner request that this Honorable Court grand petitioner request.

Submitted By;

*[signature: Darlene Esposito]*

DARLENE R. ESPOSITO
DATED: 5/17/23

## Certification of Service

I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

I hereby certify that:

(A)  The original of the annexed:    AMENDED COMPLAINT

Was filed United States District Court for the Western District of Pennsylvania Joseph F. Weis, Jr. U.S. Courthouse 700 Grant Street Pittsburgh, PA 15219.

(B)  A copy of the annexed:    AMENDED COMPLAINT

Was filed with the Clerk of United States District Court Eastern District of Virginia Alexandria Division 401 Courthouse Square Alexandria, VA 22314.

(C)  The annexed:    AMENDED COMPLAINT

Was served within the time required by the Rules of Court.

(D)  A Copy of the annexed:    COMPLAINT

Was served Upon: Capital One Settlement Administrator, P.O. BOX 4518, PORTLAND, OR 97208-4518

Corporation Service Company 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833

By:  DARLENE R. ESPOSITO

Served on: 5/17/23

Executed on:

DARLENE R. ESPOSITO