# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE ESPOSITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-245 |
| | ) | |
| GOOGLE LLC, PINTO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

*Pro se* Plaintiff Darlene Esposito previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on February 17, 2023 (the "February 17th Memorandum Order"), finding that she was without sufficient funds to pay the required filing fee and granting her leave to proceed in forma pauperis. (Docket No. 2 at 1).

As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that she could state a plausible claim for relief. (Docket No. 2 at 3). Further, to the extent Plaintiff wished to file an Amended Complaint, she was ordered to do so by March 3, 2023, or the case would be closed. (*Id.* at 4). Plaintiff did not file an Amended Complaint by that established deadline, thus this case will now be closed in accordance with the Court's February 17th Memorandum Order.

1

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 16th day of May, 2023, Plaintiff having failed to file an Amended Complaint by March 3, 2023 in accordance with the Court's February 17th Memorandum Order, IT IS HEREBY ORDERED that the Clerk of Court shall mark this case CLOSED.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc:   Darlene Esposito (via U.S. mail)
      P.O. Box 1808
      Newark, NJ 07101



Darlene R. Esposito
PO Box 1808
Newark  N J 07101


Re: Darlenee8154@gmail.com


                          Pittsburgh
                    6425 Penn Avenue
                Pittsburgh, PA 15206


                         Mountain View
                1600 Amphitheatre Parkway
          Mountain View, CA 94043United States


Consider this statement thru your intellect or osmoses, I know that my e-mail is entered into easily by the public; like it's their own personal e-mail you probably deny my statement and you do deny any knowledge of the accusation before this matter is brought before you.  But what if people common people are entering my e-mail without any permission by me to do so.

Consider this as an request under the Privacy Act and the Freedom of Information Act.  This request for documentations comes under the jurisdiction of the [Privacy Act (5 U.S.C. 552a, (d)), Request for your own records,] I am requesting a waiver of all fees under 5 U.S.C. Section 552(a)(f)(5) Unlike FOIA search and review fees never chargeable under the Privacy Act the basic policy is focused to grant individuals increased rights of access to agency records maintained on them. And in the alternative 5 U.S.C. 552(a)(4)(A)(iii). This would be a demand for records from 10/2020 to 12/2022 on my google e-mail account.

    What dose Google do to stop unlawful access in to personal e-mail accounts?

    Can Data be given on personal e-mail accounts that gives any one access. ?   Simply yes or no.

*For example I enter my e-mail account on a daily basis M-F only in specific hours known by me and at times where witness can verify my access. If an access occurs before or after the specific time an unlawful entry or access occurred.*
Is there accountancy for Data given on e-mail accounts and thereafter in to personal e-mail accounts on an daily basis and can I request information into the access and the data given under the Privacy Act from my account.

Are there records of electronic data that are kept citing the e-government act and the FOIA and Privacy Acts and the Open Government Act.  Of course when answering this request you may redact personal identifiers like the release of the IP address of private computers while still disclosing the access. And the full release of IP address on public computers.  I'll bet the only way to stop unlawful access is to release data under any one of the Privacy Acts mentioned herein.

Of course you are going to say change your personal password frequently but can I change my personal pass word (2) twice monthly without interferences with Google security alerts. ? Simply yes or no.

I believe if a password is not changed less frequently than (2) twice monthly in a months' time there will be a leak and some unlawful access will occur .  I'll bet that all unlawful access is done by lobbyist groups or some other political party looking for a way to take over the electronic access laws that form the e-government act and its policy and citing the bank security act.

Submitted By:

DARLENE R. ESPOSITO
Dated: