IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE ESPOSITO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-245 |
| GOOGLE LLC, PINTO, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM ORDER

*Pro se* Plaintiff Darlene Esposito previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on February 17, 2023 (the "February 17th Memorandum Order"), finding that she was without sufficient funds to pay the required filing fee and granting her leave to proceed in forma pauperis. (Docket No. 2 at 1).

As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that she could state a plausible claim for relief. (Docket No. 2 at 3). To the extent Plaintiff wished to file an Amended Complaint, she was ordered to do so by March 3, 2023, or the case would be closed. (*Id.* at 4). Plaintiff did not file an Amended Complaint by that established deadline, thus the Court entered a Memorandum Order on May 16, 2023 closing the case. (Docket No. 4). On that same date, the Court also entered a final judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 58. (Docket No. 5).

1

On May 23, 2023, Plaintiff filed a Motion which is extremely difficult, if not impossible, to decipher. (Docket No. 6). In summary, Plaintiff initially states that "[t]his application is to amend the petition to [the Court] from the determination filed on 2/17/23 [that is, the February 17th Memorandum Order]," and she subsequently refers to the document as an Amended Complaint. (*See id.* at 1, 7, 8).

To the extent Plaintiff's Motion is intended to be an Amended Complaint, it is untimely as she was ordered to file an Amended Complaint, if she wished to do so, by March 3, 2023. Accordingly, to the extent Plaintiff's Motion requests leave to now file an Amended Complaint nearly three months after the court-ordered deadline, that request is denied. This case is closed, and it will not be reopened at this time, given that Plaintiff's purported Amended Complaint is incomprehensible and fails to state any cognizable, plausible claim on which relief may be granted.

Further, to the extent Plaintiff's Motion is meant to be a motion for reconsideration of the February 17th Memorandum Order dismissing her original proposed Complaint for failure to state a claim on which relief may be granted, such motion is denied. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Plaintiff has failed to meet her burden to demonstrate that the Court should reconsider the February 17th Memorandum Order because she has not pointed to any intervening change in the controlling law, new evidence

that was not available at the time of the decision, or a clear error of law or fact. Consequently, reconsideration is not warranted to the extent Plaintiff seeks such relief.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 24th day of May, 2023, Plaintiff's Motion filed at Docket No. 6 is DENIED.

<u>s/ W. Scott Hardy</u>  
W. Scott Hardy  
United States District Judge

cc:		Darlene Esposito (via U.S. mail)  
		P.O. Box 1808  
		Newark, NJ  07101